[No. 7523–3–I.   Division One.   March 10, 1980.]

PATRICIA WOOLERY, *Respondent,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Appellant.*

*Slade Gorton, Attorney General,* and *Walter E. White, Assistant,* for appellant.

*James A. Douglas* and *Gibbs, Douglas & Theiler,* for respondent.

WILLIAMS, J.—This is an effort by the State of Washington acting through its Department of Social and Health Services to recover certain sums paid to Patricia Woolery as public assistance. The State prevailed at an administrative hearing held pursuant to RCW 74.08.070, but lost on an appeal, authorized by RCW 74.08.080, by Mrs. Woolery to the Superior Court. We affirm the Superior Court.

The material facts, as gleaned from the hearing examiner's unchallenged findings of fact adopted by the Superior Court, are that Mrs. Woolery received public assistance under the aid to families with dependent children program from July 1975 through August 1976. During this time, the Woolery household consisted of herself, her two minor children, and Byron Woolery who she married in September

1976. In March 1977, the Department claimed $985 reimbursement from Mrs. Woolery, contending that Mr. Woolery was the natural father of one of the children, born on May 9, 1975, and was residing in the home so that the child was not dependent and not to be supported by public money. RCW 74.12.010.

At Mrs. Woolery's request, an administrative hearing was held at which the primary issue was whether Mr. Woolery was the father of the child. The principal evidence in favor of the State was a statement contained in an application for social security benefits signed by Mr. Woolery in which he said that he was the father, and an amended certificate of birth issued by the Bureau of Vital Statistics naming Mr. Woolery as the child's father. Mr. and Mrs. Woolery testified that he was not the natural father, explaining the social security application and the birth certificate as good for the child.

The hearing examiner concluded that Mr. Woolery was the natural father; hence, Mrs. Woolery should pay back the money she received for the support of the child plus a statutory penalty. RCW 74.04.300. On appeal, the Superior Court relied upon *Taylor v. Morris,* 88 Wn.2d 586, 564 P.2d 795 (1977), in holding that the Department had no authority to determine paternity and in so doing acted in excess of its jurisdiction. RCW 34.04.130(6)(b). We agree.

■■ *Taylor v. Morris, supra,* is controlling. There, the authority of the Department to determine paternity in administrative proceedings to obtain reimbursement pursuant to RCW 74.20A from the alleged natural parents of children receiving state support was challenged. The Supreme Court noted that the powers and authority of an administrative agency are limited to those which are expressly granted by statute or necessarily implied therein. The court held that a right to determine parentage could not be implied from the powers granted the Department in RCW 74.20A, concluding that to ascertain parentage, a proceeding under the Uniform Parentage Act, RCW 26.26, was necessary. The same is true in this case. A right to

determine parentage cannot be necessarily implied from the powers granted the Department in RCW 74.04, governing public assistance generally, in RCW 74.08, governing eligibility for public assistance, or in RCW 74.12, governing the aid to families with dependent children program.

What was said in *Taylor v. Morris, supra* at 593 regarding the Uniform Parentage Act and RCW 74.20A applies as well in this case:

That [the Uniform Parentage Act, RCW 26.26] is a civil statute providing for, *inter alia,* procedures to establish parentage, the reception of certain kinds of evidence, the enforcement of judgments or orders, the protection of rights and interests of the putative father, and time limitations for the bringing of such an action. All these and many other aspects of the proceeding were deemed worthy of special attention by the legislature. Included in the statute are provisions authorizing the department to bring such actions and imposing a special limitation period. RCW 26.26.060.

As the appellant and petitioners point out, the assumption that the legislature intended to give the department an unrestricted and unregulated right to determine parentage, under RCW 74.20A, cannot rationally be reconciled with its express grant of a right to bring an action in court, within a limited time, under RCW 26.26.060. Rather, the reasonable inference to be drawn is that the legislature was aware that the department had no previously authorized means of establishing parentage where the fact of such parentage was not a matter of record, outside the criminal statutes.

The judgment is affirmed.

CALLOW, C.J., and RINGOLD, J., concur.

Reconsideration denied June 4, 1980.

Review denied by Supreme Court September 5, 1980.