[No. 46801–0. En Banc. July 2, 1981.]

THE STATE OF WASHINGTON, *on the Relation of Living Services, Inc.,* ET AL, *Respondent,* v. GERALD THOMPSON, *as Secretary of the Department of Social and Health Services,* ET AL, *Appellants.*

Kenneth O. Eikenberry, Attorney General, and Michael Hanbey, Assistant, for appellants.

Inslee, Best, Chapin, Uhlman & Doezie, P.S., by Thomas H. Grimm, for respondent.

HICKS, J.—This action was commenced in this court as a RAP 16.2 original action against a state officer. Under RAP 16.2(d), the commissioner transferred the matter to the Thurston County Superior Court.

The case presents a dispute between certain providers of nursing care facilities (respondents) and Gerald Thompson, as Secretary of the Department of Social and Health Services (DSHS), over reimbursement for property costs incurred in the care of Medicaid patients. DSHS appeals from a summary judgment entered in favor of the nursing facilities. We affirm the trial court.

The trial court found that section 58(5) of House Bill 516, 46th Legislature (1979), the general appropriation act for the 1979–81 biennium, violated the following two sections of the state constitution:

Const. art. 2, § 19 reads:

Bill to contain one subject. No bill shall embrace more than one subject, and that shall be expressed in the title.

Const. art. 2, § 37 reads:

Revision or amendment. No act shall ever be revised or

amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length.

Additionally, certain regulations promulgated by DSHS under section 58(5) were held void. Amendments promulgated by DSHS to WAC 388-96-719(3) and (4), 388-96-735(2)(d) and 388-96-743 filed June 29, 1979, July 3, 1979, September 26, 1979, and October 3, 1979, and adopted November 21, 1979, were declared void as in excess of authority authorized DSHS by RCW 74.04.050, .055, 74.09-.120, .580 and .590. Additionally, DSHS was ordered to pay respondents specified sums of money and ordered to adjust respondents' property payments to accord with RCW 74.09.120, .580 and .590. DSHS sought direct review by this court under RAP 4.2(a)(2), (4) and (5).

The real issue is legislative procedure. We do not question that, except as constrained by federal law or regulation, the legislature has the power to achieve the result proposed by DSHS in this instance. But the correct procedure was not followed, hence we affirm the trial court.

Medicaid is a medical program for the eligible poor administered by DSHS but funded by both the State and the United States. To receive federal funding, the state program must comply with federal laws and regulations. As required by federal law, DSHS has formulated a scheme to compensate the providers of nursing care facilities who contract with DSHS to care for Medicaid patients. The payment scheme provides for different accounts which cover the various items for which the operators may receive reimbursement.

The item at issue here is rent paid for leased premises, an allowable cost under federal regulations. DSHS reimbursed respondents one amount until June 30, 1979. A markedly lesser amount was proposed to be paid respondents as reimbursement for rent paid in the fiscal year beginning July 1, 1979. The authority relied upon by DSHS for this reduction in payment was section 58(5) of HB 516.

House Bill 516 was the general appropriation act for the

1979–81 biennium. Laws of 1979, 1st Ex. Sess., ch. 270, p. 2120. Section 58(5) of that measure contains the provision which was interpreted by DSHS as restricting its ability to compensate operators of nursing care facilities in the same manner that it had prior to July 1, 1979. The section reads:

> Property reimbursement shall not exceed the predicted cost plus one standard deviation of the necessary and ordinary costs of depreciation, and interest, of owner–operated facilities utilizing a multiple regression formula developed by the department of social and health services, recognizing factors which may be significant, including location, age, and type of facility. Rental costs of leased facilities shall be reimbursed to the extent they do not exceed the upper limit of the multiple regression formula for comparable owner–operated facilities.

There is no meaning plain on its face to be gleaned by the ordinary citizen from reading this section. Respondents assert that as interpreted by DSHS, and implemented by its regulations, section 58(5) changed the nursing care facilities reimbursement system codified in RCW 74.09.120, .580 and .590. As applied, section 58(5) imposes a lid or ceiling on the payment for property costs acknowledged by DSHS as allowable. Prior to enactment of the 1979–81 appropriation act, such costs were reimbursed in full, if actually incurred.

The constitutional sections said by the trial court to be violated, article 2, sections 19 and 37, restrict a bill to one subject expressed in the title and require that amendment or revision of an act be accomplished by setting forth in full the act as revised or amended. Respondents correctly contend that, section 58(5) substantially changed RCW 74.09.120, .580 and .590, the change amounts to an amendment of those sections, and that as an amendment it violates Const. art. 2, § 37 in failing to set forth in full the statute as amended. *See Flanders v. Morris,* 88 Wn.2d 183, 558 P.2d 769 (1977). To be exempted from this requirement, the act must be complete in itself, independent of prior acts, and stand alone as the law on the particular subject of which it treats. *Weyerhaeuser Co. v. King*

*County,* 91 Wn.2d 721, 592 P.2d 1108 (1979).

In the early case of *Copland v. Pirie,* 26 Wash. 481, 483, 67 P. 227 (1901), after setting forth article 2, section 37, of the state constitution, the court stated:

In construing similar constitutional provisions the courts seem generally to have held that this requirement does not apply to supplemental acts not in any way modifying or altering the original act, nor to those merely adding new sections to an existing act, nor to acts complete in themselves, not purporting to be amendatory, but which by implication amends other legislation on the same subject. On the other hand, the courts are equally emphatic that if the act is not complete in itself, and is clearly amendatory of a former statute, it falls within the constitutional inhibition, whether or not it purports on its face to be amendatory or an independent act.

The *Copland* court indicated that where the new act is not complete but refers to a prior statute which is changed but not repealed by the new act, one is required to read both statutes before the full declaration of the legislative will on the subject can be ascertained. This causes the very obscurity and tendency to confuse which the constitutional provision seeks to prevent, hence violates the constitution. Our most recent cases on the subject are in accord. *See Weyerhaeuser Co. v. King County, supra,* and *Washington Educ. Ass'n v. State,* 93 Wn.2d 37, 604 P.2d 950 (1980).

*Washington Educ. Ass'n,* our most recent case to consider the amendatory nature of an act under article 2, section 37, states the test:

Is the new enactment such a complete act that the scope of the rights or duties created or affected by the legislative action can be determined without referring to any other statute or enactment?

. . .
. . . Would a straightforward determination of the scope of rights or duties under the existing statutes be rendered erroneous by the new enactment?

(Citation omitted.) *Washington Educ. Ass'n v. State, supra* at 40–41.

Section 58(5) does not meet the test. It is not such a

complete act that the scope of the rights affected by the legislation can be determined without referring to any other statute or enactment. Further, a straightforward determination under existing statutes, RCW 74.09.120 and .590, would be erroneous under section 58(5). RCW 74.09.120 provides in part:

> The department shall establish regulations for reasonable nursing home accounting and reimbursement systems which recognize relevant cost related factors for department of social and health services patients, . . .

RCW 74.09.590 provides in part:

> Payment rates shall:
> (1) Not be set lower prospectively than the level which may reasonably be expected to reimburse in full for actual allowable costs under federal regulations for a nursing home which is economically and efficiently operated;

Reasonable rental for leased premises is such an allowable cost under federal regulations. *See* 42 C.F.R. §§ 447.302 and 447.303 (1980).

Appellant DSHS does not challenge the rental paid by respondents for their leased facilities as being unreasonable. Since section 58(5), as interpreted and applied by DSHS, would place a ceiling on the amount which could be reimbursed respondents for rental of leased facilities at less than the rental obligation, RCW 74.09.120 and .590 have in effect been amended. The statutes as amended were not set forth in section 58(5) as required by Const. art. 2, § 37, nor is section 58(5) an act complete in itself. The trial court was correct in voiding that section.

We do not find it necessary to consider whether section 58(5) is also violative of Const. art. 2, § 19, prohibiting a bill from containing more than one subject which must be expressed in its title. An appropriation measure which must fund a plethora of items is less stringently treated than other acts challenged as containing more than one subject. *Flanders v. Morris, supra* at 188. But since we hold section 37 has been violated, it would not save section 58(5) were

we to determine it did not violate Const. art. 2, § 19.

As an emergency measure effective July 1, 1979, DSHS promulgated amendments to WAC 388–96–719 and WAC 388–96–743 apparently to implement the limitation contained in section 58(5). Taken together, the amendments to these regulations attempt to effectuate the same limitations on reimbursement of actual property cost as does section 58(5) herein voided. The trial court held that the WAC regulations were void as beyond the power of DSHS, absent a statute upon which they could be based. Since section 58(5) fails to meet the test of constitutionality, there is nothing to support the WAC regulations. In this court at oral argument, counsel for DSHS, in response to a question from the bench, asserted that with or without the statute DSHS had authority to promulgate the WAC regulations. The matter was not further developed. In light of RCW 74.09.120 and .590, we hold that DSHS had no authority absent a specific statutory basis to promulgate WAC 388–96–719 and 388–96–743. Administrative agencies may not modify or amend a statute by regulation. *Kitsap–Mason Dairymen's Ass'n v. State Tax Comm'n,* 77 Wn.2d 812, 467 P.2d 312 (1970).

As promulgated and implemented by DSHS, its regulations based on section 58(5) of the appropriation act appear to exclude full consideration of lease costs by limiting consideration of property costs within the perimeters of those of owner–operated facilities. It is doubtful that federal regulations would permit such state action in any event, but clearly such action may not be implemented absent amendment or repeal of RCW 74.09.590.

DSHS contends the trial court had no power to order it to reimburse respondent providers in an amount in excess of that provided by the amended WAC regulations discussed above. We do not agree. The trial court had the authority to order DSHS to comply with RCW 74.09.590. RAP 16.2; *see Tacoma v. O'Brien,* 85 Wn.2d 266, 268, 534 P.2d 114 (1975); *Flanders v. Morris, supra* at 191–92; *Washington Educ. Ass'n v. King County, supra* at 41.

Finally, respondents seek attorney fees in an amount to be submitted later. RAP 18.1(c). The request is based upon federal regulations which allow recovery for "all items of expense that providers incur in providing routine services." 42 C.F.R. § 447.281(a). The phrase includes expenses which relate to providing rooms, facilities, and equipment. Attorney fees are not specifically mentioned.

WAC 388–96–585(2)(ee) is an administrative declaration of this state which precludes recovery of legal costs in suits involving DSHS. Respondents attempt to bring attorney fees within the phrase of the federal regulation, "all items of expense that providers incur", by arguing the nursing homes involved here will be unable to continue operation without such an award. We think the argument fails. In view of the general policy against an award of attorney fees against state agencies absent specific statutory or regulatory authorization, we do not agree that 42 C.F.R. § 447.279 should be construed as requiring an award of attorney fees in this instance.

The trial court is affirmed.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, WILLIAMS, DORE, and DIMMICK, JJ., concur.