[No. 5385-3-II.   Division Two.   November 17, 1982.]

GARY GREIG, *Respondent,* v. LEW METZLER, ET AL, *Appellants.*

*Henry Dunn, Prosecuting Attorney,* and *Gordon W. Sivley* and *David R. Koss, Deputies,* for appellants.

*James E. Warme,* for respondent.

PETRICH, J.—The Cowlitz County Civil Service Commission and Cowlitz County Sheriff appeal from a judgment setting aside the Commission's ruling upholding the demotion of respondent Gary Greig from sergeant to deputy. We reverse.

The stipulated findings establish that on May 17, 1976, Greig was appointed sergeant for the Cowlitz County Sheriff's Department, which is a classified position under the civil service for sheriff's office act. RCW 41.14.070. On July 1, 1980, Gary Waddell, who had been employed by the Sheriff's Department in an unclassified position, elected to return to his former classified position as sergeant. There were no vacant sergeant positions at that time. To create a position for Waddell, Greig was demoted from sergeant to deputy. It is undisputed that Greig's demotion was undertaken solely to create a position for Waddell and was in no way based upon Greig's performance as sergeant.

Greig's demotion is authorized by the Cowlitz County Civil Service Commission Rule 10.15 which provides that when a person then serving in an unclassified position elects to return to his formerly held classified position, he may do so. If no vacancy exists upon his return, a position shall be created by removing the least senior incumbent from the same position. This rule was promulgated after Greig was appointed sergeant.

Greig timely appealed the demotion to the Cowlitz County Civil Service Commission. Treating the action as reduction in force and demotion, the Commission ruled the demotion was valid and in accordance with applicable statutes and rules. On appeal the trial court reversed concluding that RCW 41.14.290 and Cowlitz County Civil Service Commission Rule 10.15, both enacted after his appointment to sergeant, do not apply to Greig, and that it was not demonstrated that budgetary or other legitimate administrative reasons required Greig's demotion.

The Commission's primary argument on appeal is that

the tenure of a civil service worker can be affected by considerations other than misconduct and that rule 10.15 applies to Greig and authorizes his demotion. It is Greig's position he can only be removed for cause which is limited to misconduct, and that those portions of rule 10.15 which allow the sheriff to demote him are void as exceeding the Commission's rulemaking authority.

We first set out the standard of review to guide us in our resolution. The judiciary's role in reviewing action taken by the Commission is severely limited. RCW 41.14-.120 provides that an appeal to the superior court is a summary matter. Review is "confined to the determination of whether the order of removal, suspension, or demotion made by the commission, was or was not made in good faith for cause, and no appeal shall be taken except upon such ground or grounds." The Court of Appeals reviews the same record considered by the trial court and must exercise independent judgment to determine whether the Commission acted arbitrarily, capriciously, or contrary to law. *Benavides v. Civil Serv. Comm'n*, 26 Wn. App. 531, 613 P.2d 807 (1980); *Eiden v. Snohomish Cy. Civil Serv. Comm'n*, 13 Wn. App. 32, 533 P.2d 426 (1975).

When the trial court reviews an administrative record and does not itself take evidence, findings of fact are not necessary. *King Cy. Water Dist. 54 v. King Cy. Boundary Review Bd.*, 87 Wn.2d 536, 554 P.2d 1060 (1976). Although here the trial court entered findings of fact and conclusions of law, our review remains that of the record considered by the trial court and not the findings of the superior court. *Spokane Cy. Fire Protec. Dist. 8 v. Spokane Cy. Boundary Review Bd.*, 27 Wn. App. 491, 618 P.2d 1326 (1980). The record presented to the trial court was scant, consisting of stipulated facts with exhibits including the letter of demotion and the Commission's ruling upholding the demotion with minutes of the meeting at which the decision was made.

The first issue we examine is whether a classified employee employed pursuant to RCW 41.14 can be

demoted for reasons other than misconduct. We hold that under RCW 41.14, he can.

The question before us is primarily one of statutory construction of the civil service for sheriff's office act, RCW 41.14. Certain established principles of statutory construction apply. First, RCW 41.14 must be construed as a whole and effect given to all the language used. All of the sections of the act must be "considered in their relation to each other and, if possible, harmonized to insure proper construction of each provision." *Burlington N., Inc. v. Johnston,* 89 Wn.2d 321, 326, 572 P.2d 1085 (1977). Second "[c]onsiderable judicial deference is given to the construction of legislation by those charged with its enforcement." *Keller v. Bellingham,* 92 Wn.2d 726, 731, 600 P.2d 1276 (1979); *State ex rel. Swartout v. Civil Serv. Comm'n,* 25 Wn. App. 174, 605 P.2d 796, *review denied,* 93 Wn.2d 1021, *cert. denied,* 449 U.S. 992, 66 L. Ed. 2d 288, 101 S. Ct. 527 (1980). With these precepts in mind we examine the statutory scheme.

RCW 41.14.120 provides that no permanent employee in a classified civil service position can be removed, suspended, or demoted, except for cause upon written accusation. "Cause" is not defined in the act. Reasons for demotion and other action relating to misconduct are set forth in RCW 41.14.110 which provides in part:

> Tenure—Grounds for deprivation. The tenure of every person holding an office, place, position, or employment under the provisions of this chapter shall be only during good behavior, and any such person may be removed or discharged, suspended without pay, demoted, or reduced in rank, or deprived of vacation privileges or other special privileges for any of the following reasons: . . .

The statute lists seven reasons limited to malfeasance and misfeasance. It does not suggest that budgetary or other administrative reasons may provide a basis for demoting an employee. But, reading RCW 41.14 as a whole, it is clear that misconduct is not the only basis upon which one may be demoted. That budgetary or other administrative rea-

sons may provide a basis for demotion is evidenced by RCW 41.14.060 which provides in relevant part:

It shall be the duty of the civil service commission:

(1) To make suitable rules and regulations not inconsistent with the provisions hereof. Such rules and regulations shall provide in detail the manner in which examinations may be held, and appointments, promotions, reallocations, transfers, reinstatements, demotions, suspensions, and discharges shall be made, *and may also provide for any other matters connected with the general subject of personnel administration, and which may be considered desirable to further carry out the general purposes of this chapter, or which may be found to be in the interest of good personnel administration.* . . .

. . .

(6) To provide for, formulate, and hold competitive tests to determine the relative qualifications of persons who seek employment in any class or position and as a result thereof establish eligible lists for the various classes of positions, and provide that persons laid off, or who have accepted voluntary demotion in lieu of layoff, because of curtailment of expenditures, reduction in force, and for like causes, head the list in the order of their seniority, to the end that they shall be the first to be reemployed or reinstated in their former job class.

(Italics ours.) Contrary to the respondent's position, the act clearly contemplates that the tenure of an employee may be affected by reasons other than those listed in RCW 41.14-.110. We hold that in addition to misconduct, an employee may be demoted for budgetary reasons, a reduction in force, and for other like causes.

We turn to the application of rule 10.15. The Commission has authority to promulgate rules to carry out the purpose of the act which is to raise the standards and efficiency of sheriff's offices and law enforcement by a merit system of employment for county deputy sheriffs and other sheriff department employees. RCW 41.14.010. Consistent with its rulemaking authority the Commission promulgated rule 10.15 which was relied on to demote Greig. It provides:

Any person serving in a classified position who has applied for and been granted a leave of absence who has

been appointed to, accepts and occupies continuously an unclassified position within the Cowlitz County Sheriff's office shall retain his civil service status; provided, such person must, within ten (10) days after termination of the appointive term in an unclassified position inform the Civil Service Commission of an intention to assume such person's former classified position; and, further provided that such person was in good standing at termination.

All benefits of any person reinstated to a classified position shall be computed on the same basis as though the service rendered in an unclassified position had been rendered in a classified position.

Should no vacancy exist in the classified position held at the time of appointment to an unclassified position was accepted, one shall be created by removing from like position, grade and classification the incumbent with the lowest seniority standing.

Greig argues here, as he did before the trial court, that the last two paragraphs of the rule are void. The trial court apparently rejected this argument but found that because the rule was adopted after Greig was appointed sergeant, he is exempt from its operation.

■ Our determination of whether the Commission exceeded its authority in passing rule 10.15 is governed by the following principles:

First, an agency has only those powers either expressly granted or necessarily implied from statutory grants of authority. Second, an agency does not have the power to promulgate rules that amend or change legislative enactments. Third, rules may "'fill in the gaps'" in legislation if such rules are "necessary to the effectuation of a general statutory scheme." Fourth, administrative rules adopted pursuant to a legislative grant of authority are presumed to be valid and should be upheld on judicial review if they are reasonably consistent with the statute being implemented. Fifth, a party attacking the validity of an administrative rule has the burden of showing compelling reasons that the rule is in conflict with the intent and purpose of the legislation.

(Citations omitted.) *Green River Comm'ty College v. Higher Educ. Personnel Bd.*, 95 Wn.2d 108, 112, 622 P.2d

826 (1980), *modified,* 95 Wn.2d 962, 633 P.2d 1324 (1981).

■ The Commission has the power to pass rules which further the interest of good personnel administration. It is consistent with the purpose of the act to provide that those persons who take an appointment in an exempt position described in RCW 41.14.070 (undersheriff, inspector, chief criminal deputy, chief civil deputy, jail superintendent, and administrative assistant or administrative secretary) be allowed to return to his or her classified position. Indeed, since the passage of the rule the Legislature in 1979 codified this practice to require that an exempt employee be allowed to return to his regular civil service position. RCW 41.14.290. It does not follow that the Sheriff's Department is required to expand its staff to accommodate these returnees. Rule 10.15 "fills in the gap" in the sense that it provides for a fair, predictable method of assimilating these returnees into the classified civil service. Harmonizing RCW 41.14.070, which allows for exempt positions, with RCW 41.14.060, and recognizing that misconduct is not the only reason for demotion, we hold the Commission did not exceed its authority when it promulgated rule 10.15.

We turn next to the question of whether Greig is exempt from the operation of rule 10.15 because it was promulgated after his appointment to sergeant. Greig was appointed to sergeant on May 17, 1976. The rule became effective on July 1, 1976.

■ Greig's property interest in his continued public employment is created and defined by state law and the rules which flow therefrom. *Board of Regents v. Roth,* 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972); *Giles v. Department of Social & Health Servs.,* 90 Wn.2d 457, 583 P.2d 1213 (1978). Terms and conditions of public employment are controlled by statute and not by contract. The Legislature may enact statutes regulating the mode and appointment of tenure in public employment and employees are subject to statutory amendments. *See, e.g., Association of Capitol Powerhouse Eng'rs v. State,* 89 Wn.2d 177, 570 P.2d 1042, 95 A.L.R.3d 1090 (1977). We hold these

same principles apply to the rule promulgated here. *See, e.g., Trabal v. United States,* 624 F.2d 1035 (Ct. Cl. 1980). Although rule 10.15 was promulgated after Greig's appointment in 1976, it is our holding he is subject to the rule.

To summarize, we hold that "cause" is not limited to misconduct. Under the statutory scheme of RCW 41.14, an employee can be demoted for reasons other than misconduct. Rule 10.15 allowing for a demotion for a reason other than misconduct is valid, and although promulgated after Greig began his appointment as sergeant, he is subject to this rule.

Reversed.

REED, C.J., and WORSWICK, J., concur.