[No. 14499-9-II.   Division Two.   December 7, 1992.]

Maxine M. Tuerk, *Appellant,* v. The Department of Licensing, et al, *Respondents.*

*Russell A. Austin, Jr.,* and *Kargianis, Austin & Osborn,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Elizabeth J. Erwin, Assistant,* for respondents.

ALEXANDER, J. — Maxine Tuerk appeals an order of the Thurston County Superior Court granting summary judgment in favor of the State of Washington Department of Licensing and certain employees of the Department, and against Tuerk. She claims that the trial court erred in concluding that the Department could deny Tuerk's application for renewal of her real estate broker's license because of her failure to provide her home address and telephone number. We reverse.

Maxine Tuerk first became licensed as a real estate broker in 1969. By statute, real estate brokers must renew their license annually by paying a license fee to the Department of Licensing.[1] Over the years, Tuerk consistently refused to

---

[1] Former RCW 18.85.140:

**"License fees — Expiration — Renewal — Identification cards. . . .** Before receiving his or her license every real estate broker . . . must pay a license fee as prescribed by the director by rule. Every license issued under the provisions of this chapter expires on the applicant's birthday following issuance of the license which date will henceforth be the renewal date.

". . . .

"The license of any person whose license renewal fee is not received within one year from the date of expiration shall be canceled. This person may obtain a new license by satisfying the procedures and qualifications for initial licensing, including the successful completion of any applicable examinations."

supply certain information to the Department when renewing her broker's license, arguing that she was not required to divulge the information.

In 1982, Tuerk refused to supply the Department with her home address on her annual license renewal application. Consequently, the Department filed a "Statement of Intent to Deny License Application". Tuerk's attorney entered into negotiations with the Department, and an agreement was eventually reached between Tuerk and the Department which provided that the Department would renew her broker's license. Tuerk and the Department also stipulated that "neither party shall take further action based on the circumstances giving rise to the statement of intent to deny license application."

In 1987, the Department of Licensing promulgated the following regulation:

> WAC 308-124C-010 **Licensee's responsibilities.** . . .
>
> . . . .
> (3) It is the responsibility of each and every licensee to keep the director informed of his or her current home address.

In August 1988, Tuerk moved her business office, filled out a change of business address form with the Department, and paid the appropriate fee. Tuerk refused, however, to answer a question on that form which called for her to disclose her home address and telephone number. Although the Department asked repeatedly for this information, Tuerk steadfastly refused to disclose it on the grounds that the law did not require her to do so.

At about the same time, Tuerk sent her annual fee and license renewal application to the Department. Again she did not provide her home address and telephone number. Despite numerous requests, Tuerk refused to provide that information. As a consequence, the Department refused to process her license renewal application and Tuerk's real estate broker's license expired in November 1988. It has not since been renewed.

Tuerk's attorney has indicated in briefing and oral argument before this court that the Department is in possession of Tuerk's home address. He also asserts that Tuerk has not

changed her residence since 1972. The record neither supports these assertions nor contradicts them. Tuerk's counsel also indicates that he has offered to supply the Department with affidavits attesting to the fact that Tuerk is a resident of Snohomish County, Washington.

In 1989, Tuerk brought suit in Thurston County Superior Court against the Department, its Director and certain employees of the Department, asking for a mandatory injunction requiring the Department to return or reissue her license, and for damages. She claimed that the Department's refusal to process her request for license renewal violated due process and her civil rights. She also asserted a host of negligence claims. Tuerk and all of the defendants moved for summary judgment. The trial court denied Tuerk's motion and granted the defendants' motion. It dismissed Tuerk's complaint, concluding that the Department was justified in refusing to renew Tuerk's license for her failure to provide the requested information.

The central issue presented by this appeal is whether the Department of Licensing possesses legal authority to require a licensed real estate broker to provide her current home address each time the broker renews her license.

■ As noted above, the case was decided in Thurston County Superior Court on cross motions for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). On review of an order of summary judgment, the reviewing court engages in the same inquiry as the trial court. Both parties concede that there are no issues of fact. Thus, the issue is whether either of the parties is entitled to summary judgment as a matter of law. This requires us to interpret one statute and a regulation.

■ "Interpretation of a statute is solely a question of law and within the conventional competence of the court. . . ." *American Legion Post 32 v. Walla Walla*, 116 Wn.2d 1, 5, 802

P.2d 784 (1991). In construing a statute, a court's paramount duty is to give effect to the intent of the Legislature. *Yakima v. International Ass'n of Fire Fighters, Local 469*, 117 Wn.2d 655, 669, 818 P.2d 1076 (1991). When a statute is not ambiguous, the Legislature's intent must be determined by the language alone. *Multicare Med. Ctr. v. Department of Social & Health Servs.*, 114 Wn.2d 572, 582, 790 P.2d 124 (1990). A statute is not ambiguous unless it is susceptible to more than one meaning. *Yakima*, 117 Wn.2d at 669.

Applying those principles, it is clear that RCW 18.85-.140, the license renewal statute, is unambiguous. It does not expressly require licensees to divulge their home address when renewing their broker's license. By its terms, it only requires payment of a fee upon renewal. There is no suggestion that Tuerk refused to tender the appropriate fee to the Department.

The Department asserts that WAC 308-124C-010 gives it the authority to require applicants for renewal of real estate broker's licenses to provide their home address. Tuerk concedes the existence of that regulation and she does not challenge the Department's authority to enact it. She argues only that the regulation does not require a real estate broker to tell the Department her address each time an application for renewal of license is submitted to the Department. We agree. WAC 308-124C-010 merely provides that "it is a licensee's responsibility to keep the Director of the Department of Licensing informed of his or her current address." Nothing in that regulation requires the licensee to provide this information to the Department each year, or makes renewal of the license contingent on furnishing the address. Here, there is no showing that Tuerk has not kept the Department informed of her current home address. Indeed, the Department may well be in possession of her home address. We simply do not know. We are satisfied, however, that she is not required to tell them each year what her address is.

In reaching the conclusion that the Department of Licensing does not have authority to require licensee's to divulge

this information each year, upon pain of nonrenewal of their license, we are not saying that it is illegal or even improper for the Department to request the information. We are satisfied that the Department has the general authority to request such information from licensees and we expect that, in most cases, licensees will cooperate by providing the requested information. We are simply saying that, absent an enabling statute or regulation, the Department cannot *require* licensees to provide the information and enforce the requirement by refusing to renew their broker's license if they fail to do so.[2]

We reverse the Superior Court's order granting summary judgment to the Department.

PETRICH, C.J., concurs.

MORGAN, J. (dissenting) — I respectfully dissent. "The power and authority of an administrative agency is limited to that which is expressly granted by statute *or necessarily implied therein.*" (Italics mine.) *McGuire v. State*, 58 Wn. App. 195, 198, 791 P.2d 829, *review denied*, 115 Wn.2d 1021 (1990), *cert. denied*, 499 U.S. 906, 113 L. Ed. 2d 216, 111 S.

---

[2]Even if RCW 18.85.140 and WAC 308-124C-010 could be construed to require a licensee to provide his or her home address to the Department each year, we have doubts as to whether withholding renewal of the broker's license for a failure to supply the information is warranted. The business of selling real estate, like many other professions, is a " 'common occupation[] of the community' " which gives rise to a due process protected liberty interest. *See Becker v. Illinois Real Estate Admin. & Disciplinary Bd.*, 884 F.2d 955, 957 (7th Cir.), *cert. denied*, 493 U.S. 1088, 107 L. Ed. 2d 1058, 110 S. Ct. 1154 (1989). Withholding renewal of license which one needs to practice a profession is, arguably, an infringement upon such a liberty interest. Such action strikes us as being very similar to suspension or revocation of a license which may be protected by due process. For example, due process guarantees that the revocation or suspension of driver's license cannot take place without the minimum prerequisites of due process — notice and an opportunity for a hearing. *See Bell v. Burson*, 402 U.S. 535, 539, 29 L. Ed. 2d 90, 91 S. Ct. 1586 (1971); *State v. Scheffel*, 82 Wn.2d 872, 876, 514 P.2d 1052 (1973); *Gibson v. Department of Licensing*, 54 Wn. App. 188, 194, 773 P.2d 110, *review denied*, 113 Wn.2d 1020 (1989). Presumably, persons who possess real estate broker licenses are entitled to no less due process protection.

Ct. 1107 (1991); *see also Burlington Northern, Inc. v. Johnston,* 89 Wn.2d 321, 326, 572 P.2d 1085 (1977); *Lejeune v. Clallam Cy.,* 64 Wn. App. 257, 270-72, 823 P.2d 1144, *review denied,* 119 Wn.2d 1005 (1992). In my view, the statutes that authorize the Department of Licensing to license the citizenry for real estate and other activities impliedly grant to the Department the power to require disclosure of a prospective licensee's name, home address and telephone number, as well as the power to withhold renewal of a license pending receipt of that information.

After modification, further reconsideration denied February 11, 1993.

Review granted at 121 Wn.2d 1028 (1993).