[No. 60360-0.   En Banc.   January 13, 1994.]

MAXINE M. TUERK, *Respondent*, v. THE DEPARTMENT OF LICENSING, ET AL, *Petitioners*.

*Christine O. Gregoire, Attorney General,* and *Elizabeth J. Erwin, Assistant,* for petitioners.

*Russell A. Austin, Jr.,* for respondent.

DOLLIVER J. — The Department of Licensing (DOL) and four DOL employees seek review of the Court of Appeals reversal of the trial court's grant of summary judgment in favor of DOL. The Court of Appeals held DOL acted without legal authority in refusing to renew respondent Maxine Tuerk's real estate broker's license for failure to supply DOL with her current home address. We reverse.

In 1969, when Maxine Tuerk was first licensed in Washington as a real estate broker, she submitted her home address to DOL. Since that time, Tuerk apparently has been adamant against providing her home address to DOL. In 1982, Tuerk challenged DOL's authority to request the information. The parties entered into a stipulation wherein DOL agreed to refrain from requesting Tuerk's home address based upon the circumstances which existed at that time.

In October 1987, those circumstances changed when DOL promulgated WAC 308-124C-010(3), which provides:

> It is the responsibility of each and every licensee to keep the director [of licensing] informed of his or her current home address.

The purpose of the WAC is to

> alleviate the difficulties DOL experiences in locating an applicant who does not yet have a business location, in locating a licensee who is in the process of moving their business, and in locating a licensee who no longer uses his or her business

address so as to avoid service of charges concerning the revocation or suspension of a license. . . .

Clerk's Papers, at 100-01. DOL implemented this regulation on its change of business address forms.

In July 1988, Tuerk submitted a change of business address form notifying DOL of her move from Bellevue to Bothell. Tuerk wrote "not applicable" across the blank requesting her home address. At this time, DOL was reviewing Tuerk's file to determine whether she qualified for the renewal of her license. RCW 18.85.140. A supervisor in the broker's section of the real estate licensing unit of DOL, Donna Ashman, sent Tuerk three letters, dated August 29, 1988, September 27, 1988, and November 3, 1988, notifying her that her license could not be renewed without the requested information. Tuerk, however, refused to supply her home address. As a consequence, Tuerk's file was incomplete, and DOL was unable to process the renewal. Tuerk's license expired naturally in October 1988.

In January 1989, the assistant program manager of the professional programs management division of DOL, Karen Jarvis, wrote Tuerk advising her again that her license could not be renewed until she complied with WAC 308-124C-010(3) and provided DOL with her current home address. In response, Tuerk's counsel advised DOL he could obtain affidavits that Tuerk resided in Snohomish County, Washington. This information was considered insufficient to process her renewal. As the Director of DOL, Mary Faulk, stated, "Without [Tuerk's] home address, her renewal cannot be evaluated by DOL to determine if she is qualified for a broker's license . . .". Clerk's Papers, at 100.

On May 22, 1989, Tuerk filed suit against DOL and four employees alleging negligent and/or intentional infliction of emotional distress, defamation, violations of Const. art. 1, §§ 2, 7, and violations of 42 U.S.C. §§ 1983, 1985, 1986. The trial court denied Tuerk's motion for partial summary judgment on the issue of liability. It ruled DOL was authorized to condition renewal of Tuerk's license on the submission of

her home address. DOL's subsequent motion for summary judgment was granted.

Tuerk appealed. The Court of Appeals reversed, holding WAC 308-124C-010(3) did not authorize DOL to condition renewal of Tuerk's broker's license upon submission of her home address. *Tuerk v. Department of Licensing*, 67 Wn. App. 872, 876, 841 P.2d 61 (1992). In dicta, the court speculated that DOL's action, even if authorized, might violate due process. The dissent argued DOL's authority to condition Tuerk's renewal was implied within the grant of its broader statutory authority. *Tuerk*, 67 Wn. App. at 877-78 (Morgan, J., dissenting). This court granted DOL's petition for review. We reverse.

■ In its petition, DOL challenges whether its actions violated Tuerk's due process rights. We note, however, the Court of Appeals discussion of the due process issue was dicta contained in a footnote. Moreover, Tuerk's complaint fails to allege violations of Const. art. 1, § 3 or the Fourteenth Amendment. Generally, the scope of review of a Court of Appeals decision is limited to the questions raised in the petition for review and the answer. RAP 13.7(b). *See State v. Collins*, 121 Wn.2d 168, 178-79, 847 P.2d 919 (1993). This court, however, has discretion to waive this rule to " 'serve the ends of justice' ". *Kruse v. Hemp*, 121 Wn.2d 715, 721, 853 P.2d 1373 (1993) (quoting RAP 1.2(c)). We believe it appropriate to exercise our discretion in this case to address whether DOL's refusal to process Tuerk's renewal without a hearing was authorized under WAC 308-124C-010(3), RCW 18.85, and former RCW 34.04, the administrative procedure act in effect when Tuerk filed suit. *See* RCW 34.05.902.

The first issue is whether DOL was authorized to require brokers to provide their current home addresses on its change of business address forms. Tuerk argues WAC 308-124C-010(3) does not expressly authorize this requirement. DOL's authority, however, is not so limited.

■ Administrative agencies have those powers expressly granted to them and those necessarily implied from their

statutory delegation of authority. *Municipality of Metro Seattle v. Public Empl. Relations Comm'n*, 118 Wn.2d 621, 633, 826 P.2d 158 (1992). Agencies have implied authority to carry out their legislatively mandated purposes. *See Municipality of Metro Seattle v. Public Empl. Relations Comm'n, supra; Stegriy v. King Cy. Bd. of Appeals*, 39 Wn. App. 346, 693 P.2d 183 (1984); *Greig v. Metzler*, 33 Wn. App. 223, 653 P.2d 1346 (1982); *Anderson, Leech & Morse, Inc. v. State Liquor Control Bd.*, 89 Wn.2d 688, 694-96, 575 P.2d 221 (1978). When a power is granted to an agency, "everything lawful and necessary to the effectual execution of the power" is also granted by implication of law. *State ex rel. Puget Sound Nav.Co. v. Department of Transp.*, 33 Wn.2d 448, 481, 206 P.2d 456 (1949) (quoting *State ex rel. Railroad Comm'n v. Great Northern Ry.*, 68 Wash. 257, 123 P. 8 (1912)). *See Dalton v. Clarke*, 18 Wn.2d 322, 331-32, 139 P.2d 291 (1943). Likewise, implied authority is found where an agency is charged with a specific duty, but the means of accomplishing that duty are not set forth by the Legislature. *Ortblad v. State* 85 Wn.2d 109, 117, 530 P.2d 635 (1975); *Green River Comm'ty College v.Higher Educ. Personnel Bd.*, 95 Wn.2d 962, 633 P.2d 1324 (1981). Agencies also have implied authority to determine specific factors necessary to meet a legislatively mandated general standard. *See Asarco, Inc. v. Puget Sound Air Pollution Control Agency*, 51 Wn. App. 49, 751 P.2d 1229 (1988), *aff'd*, 112 Wn.2d 314, 771 P.2d 335 (1989).

Agencies do not have implied authority to determine issues outside of that agency's delegated functions or purpose. *See Taylor v. Morris*, 88 Wn.2d 586, 564 P.2d 795 (1977). *See also Woolery v. Department of Social & Health Servs.*, 25 Wn. App. 762, 612 P.2d 1 (1980) (following *Taylor v. Morris, supra*). Nor can agency rules or regulations amend legislative enactments. *UW v. Manson*, 98 Wn.2d 552, 562, 656 P.2d 1050 (1983).

■■ In this case, DOL is charged with governing the activities of real estate brokers through the issuance and enforcement of rules and regulations. RCW 18.85.040.

Within other relevant statutory constraints, the power to enforce a regulation implies the concomitant authority to interpret that regulation. *See Municipality of Metro Seattle v. Public Empl. Relations Comm'n supra; Ortblad v. State, supra.* DOL's power to interpret its regulations governing real estate brokers is limited by the condition that those interpretations be consistent with RCW 18.85. RCW 18.85.040. Requiring brokers to submit their current home addresses on change of business address forms allows DOL to efficiently locate brokers who do not yet have a business location, who are in the process of moving their businesses, or who no longer use their business addresses. This purpose is fully consistent with DOL's powers and functions to regulate the activities of brokers. We hold DOL's implementation of WAC 308-124C-010 to be within its statutory authority.

The next issue is whether DOL was authorized to refuse to process the renewal of Tuerk's license based on her failure to complete the change of business address form. Former RCW 34.04.170 provides that a licensee make a "timely and sufficient" application for renewal of a license. Thus, the licensing agency has the implied authority to determine what constitutes a "sufficient" application. *See Asarco, Inc. v. Puget Sound Air Pollution Control Agency, supra.* This authority does not amend nor is it inconsistent with RCW 18.85.140, as asserted by Tuerk. RCW 18.85.140 requires real estate brokers to pay a fee before obtaining renewal of their licenses. DOL is not precluded, however, from determining whether a renewal application is "sufficient" in other respects.

Tuerk had the obligation to ensure her file was complete before DOL evaluated her qualifications for renewal. *See* former RCW 34.04.170. DOL advised Tuerk of this obligation in a series of letters which she chose to ignore. DOL's inability to process the renewal based upon Tuerk's voluntary refusal to provide the required information does not constitute a revocation of her license. Tuerk's citation to *Hall v. Scudder*, 74 Cal. App. 2d 433, 168 P.2d 990 (1946) in support of the contrary conclusion is inapposite. In that case, the

refusal to renew the license was not based upon the licensee's voluntary decision to withhold information necessary to evaluate the licensee's qualifications for renewal.

The court is aware there may be certain circumstances, such as a stalking situation, where licensees would not wish to make their home addresses available to the public. In such circumstances, the licensee may request a waiver from DOL to remove the home address from public availability. *See* RCW 42.17.310(1)(e).

We hold DOL had implied authority to refuse to process the renewal of Tuerk's license based upon her failure to submit her current home address on a change of business address form. The provisions of the administrative procedure act were not triggered because Tuerk's file was incomplete and the administrative process was never initiated. *See* former RCW 34.04.010(3).

We reverse the Court of Appeals and affirm the trial court's grant of summary judgment in favor of DOL.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, SMITH, GUY, and MADSEN, JJ., concur.

DURHAM, J. (dissenting) — Five years ago Maxine Tuerk mailed her real estate license to the Department of Licensing (Department) so that it would be re-issued to reflect her new business address. The Department has refused to issue the new license because Tuerk will not also provide her home address on the Department's forms. Tuerk, who has previously given that information to the Department and has not changed her home address in 18 years, strongly prefers that her home address not be made public—not an unreasonable concern these days. The Department does not deny that it has Tuerk's current home address.

The majority's holding that WAC 308-124C-010 mandates a decision in favor of the Department is debatable at best.[1]

---

[1]The statute governing a change in business location states only that notice in writing must be given to the Department of the change in business address, and

Of far greater concern, however, is the majority's patently erroneous holding that the Department's refusal to process Tuerk's license does not constitute a revocation of her license. For 5 years the Department has refused to provide the hearing clearly required by RCW 18.85.251. Additionally, the majority has also decided to create a new exception to the public records act, RCW 42.17.250. Accordingly, I dissent.

The Department clearly contends that Tuerk has violated one of its lawfully enacted rules. RCW 18.85.230(2). Such a violation can *only* be resolved pursuant to a hearing. RCW 18.85.251. Despite this clear and mandatory language, the Department insists, and the majority agrees, that no hearing was necessary because Mrs. Tuerk's application was "incomplete". The notion that the Department's 5-year refusal to process this application is something other than a denial of the application is pure legal sophistry. Moreover, it is bad law. *See Environmental Defense Fund, Inc. v. Hardin,* 428 F.2d 1093, 1099 (D.C. Cir. 1970) (failure to act is the equivalent of a denial of the request); *Graham v. Richmond,* 272 F.2d 517, 521 (D.C. Cir. 1959) (failure to answer questions on application not fatal to agency action on application). *See generally* Bernard Schwartz, *Administrative Law* 246-47 (2d ed. 1984) (failure to renew must be treated like revocation).

Instructive on this point, and summarily dismissed by the majority, is *Hall v. Scudder,* 74 Cal. App. 2d 433, 168

---

that "[u]pon the surrender of the original license for the business . . . and a payment of a fee . . . the director *shall* issue a new license or duplicate license . . .." (Italics mine.) RCW 18.85.200. Similarly, the statute governing renewal of an existing license states simply that licenses expire on the applicant's birthday, and that on or before that date, a renewal license fee must be paid in order to renew the license. RCW 18.85.140. However, the Department contends, and the majority apparently agrees, that the requirements of these statutes have been expanded by a regulation which states "[i]t is the responsibility of each and every licensee to keep the director informed of his or her current home address". WAC 308-124C-010. I do not believe that this regulation has added any additional requirements to the clear and concise statutory requirements. *See State ex rel. Living Servs., Inc. v. Thompson,* 95 Wn.2d 753, 759, 630 P.2d 925 (1981) (agency cannot modify or amend statute by regulation).

P.2d 990 (1946). There, the California Real Estate Commission also attempted to use the license renewal process in order to discipline a broker. There, as here, the statutes distinguished between original applications for a license, renewals, and disciplinary procedures.

> The scheme of the act in this respect is orderly and logical. The three matters of issuance of an original license, renewal of existing licenses, and suspension or revocation are distinct and separate. . . . There is nothing in the law which suggests an intention on the part of the Legislature to tie in the matter of renewals with the formalities of original applications or with the procedure for disciplinary action.

*Hall*, 74 Cal. App. 2d at 436-37. The California court held that renewal is a matter of right for the holder of an unsuspended and unrevoked license. Here, the proper course of action is for the Department to renew Mrs. Tuerk's license and *separately* pursue any necessary disciplinary action due to her alleged failure to comply with WAC 308-124C-010.

The majority's own analysis of the issues presented is confused. It states that the first issue to be decided is "whether [the Department] was authorized to require brokers to provide their current home addresses on its change of business address forms". Majority, at 124. Broadly read, this is correct. However, the majority then engages in a purely academic discussion of implied and express authority, reiterates and approves of the Department's reasons for wanting to be kept apprised of a broker's resident address, and concludes its analysis of this issue by holding the Department's "implementation of WAC 308-124C-010 to be within its statutory authority". Majority, at 126. Not only does this holding not answer the question asked, it addresses a point that was never at issue. Mrs. Tuerk does not challenge the validity of the regulation; moreover, she agrees with it and promises to comply with it should she ever change her current home address. *See Tuerk v. Department of Licensing*, 67 Wn. App. 872, 876, 841 P.2d 61 (1992); Answer to Petition for Review, at 3-4. She contends only that the regulation does not authorize the Department

to withhold her license because of her refusal to supply this information on a change of business location form.

Having failed to answer the first question posed, the majority then examines whether the Department "was authorized *to refuse to process* the renewal of Tuerk's license based on her failure to complete the change of business address form". (Italics mine.) Majority, at 126. As explained above, the Department has no authority for such a refusal. *See* RCW 18.85.140. Nonetheless, the majority depends on language from the administrative procedure act which prohibits expiration of an existing license if a licensee has made a "timely and sufficient application" for renewal of the existing license.[2] Former RCW 34.04.170. According to the majority's analysis, the Department has unbridled discretion to determine what constitutes a "sufficient" application.[3] Were this so, the agency's delegation of authority would be limitless. *But see Weyerhaeuser Co. v. Southwest Air Pollution Control Auth.*, 91 Wn.2d 77, 80, 586 P.2d 1163 (1978) (administrative agency must adequately structure discretion through appropriate standards and safeguards). The sufficiency of Tuerk's application is governed by RCW 18.85.200, which envisions automatic reissuance of the license upon tender of the appropriate fee and notice in writing of the new business address.

Finally, I take issue with the majority's decision to insert a new exception in the public records act, RCW 42.17.250. Majority, at 127. Once the Department obtains a home

---

[2]It is ironic that the majority finds that the administrative procedure act grants the Department the power to refuse this application, yet at the same time it finds that the act's due process provisions are inapplicable. Majority, at 126.

[3]Thus, by the majority's reasoning, the Department could decide to ask for the applicant's political affiliations, or perhaps a complete list of credit card purchases in the last year, and upon an applicant's failure to provide such information, the Department could refuse to process the application. *But see Graham,* 272 F.2d at 520-22 (applicant's refusal to answer valid questions regarding Communist affiliations not grounds for agency to refuse to process application). Notwithstanding the majority's bald assertions, the Department does not possess such inherent authority.

address in the process of a change of business location application, that information becomes a public record, disclosable upon request under RCW 42.17.260. Nowhere, in either the public records act or in RCW 18.85, is there any exception for real estate license applications. "The people of this state do not yield their sovereignty to the agencies that serve them. . . . The public records subdivision of this chapter shall be liberally construed and its exemptions narrowly construed to promote this public policy." RCW 42.17.251. The majority's decision to judicially amend this statute is ill advised.

In sum, there is no legal reason why Maxine Tuerk should not be immediately issued her license. For all of the above reasons, I dissent.

JOHNSON, J., concurs with DURHAM, J.

Reconsideration denied February 16, 1994.