[No. 29793-1-II. Division Two. May 25, 2004.]

ASSOCIATION OF WASHINGTON BUSINESS, *Respondent*, v. THE DEPARTMENT OF REVENUE, *Appellant*.

*Christine O. Gregoire, Attorney General,* and *Donald F. Cofer, Assistant,* for appellant.

*Franklin G. Dinces,* for respondent.

HUNT, J. — The Washington State Department of Revenue appeals an order invalidating three of its tax code rules. The Department argues that the trial court erred in deciding the Department lacked statutory authority to adopt the rules. We agree and reverse.

## FACTS

The Washington State Department of Revenue promulgated three administrative rules (WACs[1]), under RCW 82.32.300, to explain specific sections of the tax code: WAC 458-20-238 (sales of watercraft to nonresidents); WAC 458-20-136 (manufacturing, processing for hire, fabricating); and WAC 458-20-13601 (manufacturers and processors for hire—sales and use tax exemption for machinery and equipment). Before adopting these rules, the Department solicited comments.

The Association of Washington Business (AWB), objected that the Department had no authority under RCW 82-.32.300 to adopt the rules. The Department countered that it did have authority, explaining:

This rule, which is the Department's interpretation of RCW 82.08.02565 and 82.12.02565, is necessary to administer and enforce the provisions of the statutes adopted by the legislature. . . . The Department also has a responsibility to provide clear tax advice, whenever possible, and that goal is best served through the use of administrative rules that provide information to taxpayers in as comprehensive a manner as possible . . . . Therefore the Department believes it has an obligation to taxpayers to provide as much information as possible in as accessible a manner as possible and that the

---

[1] Washington Administrative Code.

adoption of a rule, in a public process, is the best way to fulfill this responsibility. The Department believes that to not adopt a rule explaining its interpretation of the exemption would be an abrogation of its responsibility to the taxpayers of the state.

Rule Making File for WAC 458-20-136 and WAC 458-20--13601 at 72.

AWB petitioned for a declaratory judgment that WAC 458-20-136, WAC 458-20-238, and WAC 458-20-13601 were invalid "because they were adopted without statutory authority." Clerk's Papers (CP) at 3. Following a hearing, the trial court invalidated the three rules, reasoning that (1) RCW 82.32.300 gave the Department authority to adopt rules having the force of law, but did not give the Department authority to adopt informational rules; (2) the Department had no authority to adopt informational rules that did not explicitly state they were for informational purposes only; (3) the rules at issue were for nonbinding informational purposes only, but the rules failed to explain this limitation; and (4) the Department had misled the public into believing that these informational rules had the force of law.

The Department appeals.

## ANALYSIS

### I. Standard of Review

█ █ RCW 34.05.570 governs judicial review of a rule adopted by a state agency. RCW 34.05.570(2)(b) provides:

> The validity of any rule may be determined upon petition for a declaratory judgment addressed to the superior court of Thurston county, when it appears that the rule, or its threatened application, interferes with or impairs or immediately threatens to interfere with or impair the legal rights or privileges of the petitioner.

A reviewing court may declare a rule invalid only if (1) the rule violates constitutional provisions, (2) the rule exceeds the agency's statutory authority, (3) the rule's adoption did

not comply with statutory rule-making procedures, or (4) the rule is arbitrary and capricious.[2] RCW 34.05.570(2)(c); *Wash. Pub. Ports Ass'n v. Dep't of Revenue*, 148 Wn.2d 637, 645, 62 P.3d 462 (2003).

RCW 34.05.570(1)(d) further provides, "The court shall grant relief only if it determines that a person seeking judicial relief has been substantially prejudiced by the action complained of." Here, the trial court ruled that (1) the Department lacked statutory authority to adopt the rules; and (2) "[AWB], and its members, have been substantially prejudiced by the adoption of the Rules and the Department of Revenue's prelitigation actions."[3] CP at 80.

■■ The extent of the Department's rule-making authority is a question of law, which we review de novo. *Wash. Pub. Ports Ass'n*, 148 Wn.2d at 645. We presume that the regulation is valid. The challenger, AWB, bears the burden of overcoming this presumption. *Horan v. Marquardt*, 29 Wn. App. 801, 802-03, 630 P.2d 947 (1981). *See also* RCW 34.05.570(1)(a). AWB has not borne its burden here.

## II. INTERPRETIVE RULES

The Department argues that (1) because the three rules are "interpretive,"[4] it needed no explicit statutory authorization to adopt them; and (2) the trial court erred in

---

[2] AWB asserts that the rules are invalid because the Department exceeded its statutory authority in adopting the rules.

[3] Two AWB officers testified about their interpretations of the force and effect of the rules and the rules' impact on their actions. Michael Bernard testified that (1) the Department misled him into believing that the rules had the force and effect of law, which misrepresentation affected his ability to earn a living; and (2) absent these misrepresentations, "[W]e would have probably some larger claims that we would pursue more vigorously if we believed that [the rules] did not have the force and effect of law." Report of Proceedings at 88.

[4] "Interpretive," "procedural," and "legislative" are three general types of rules that state agencies promulgate. RCW 34.05.328(5)(c). "Interpretive rules" interpret statutes that the agency administers, and there are no sanctions for the violation of such rules. RCW 34.05.328(5)(c)(ii). Interpretive rules are intended to guide the general public about how the agency applies the laws it administers. RICHARD A. FINNIGAN ET AL., WASHINGTON ADMINISTRATIVE LAW PRACTICE MANUAL § 7.02 at 7-8 (2003).

In contrast, "substantive rules" "adopt[ ] substantive provisions of law pursuant to delegated legislative authority, the violation of which subjects a violator of such

concluding that the Department lacked authority to adopt these rules under RCW 82.32.300.

AWB challenges neither the Department's assertion nor the trial court's conclusion that the three rules are "interpretive." Instead, AWB argues that (1) RCW 82.32.300 authorizes the Department to adopt only rules having the force of law, but not these three rules, even if they are interpretative; and (2) the regulatory reform act of 1995 expressly forbade enacting these rules absent express legislative authority.[5]

In declaring the rules invalid, the trial court concluded that RCW 82.32.300 did not authorize the Department to

---

rule to a penalty or sanction . . . or . . . adopt[ ] a new, or make[ ] significant amendments to, a policy or regulatory program." RCW 34.05.328(5)(c)(iii).

Consistent with these statutory directives, the Ninth Circuit Court of Appeals has directed courts to look to the rules themselves, setting forth the following definitions:

"Substantive rules are those which effect a change in existing law or policy." These are rules "which create law, [and are] usually implementary to an existing law."

On the other hand, "interpretative rules are those which merely clarify or explain existing law or regulations." These rules are essentially hortatory and instructional in that they go more "to what the administrative officer thinks the statute or regulation means," when applied in particular, narrowly defined, situations. By merely clarifying the law's terms as applied situationally, interpretative or administrative-type rules are used more for discretionary fine-tuning than for general law making.

*Alcaraz v. Block,* 746 F.2d 593, 613 (9th Cir. 1984) (citations omitted).

[5] The regulatory reform act does not apply to the adoption of interpretive rules. Its relevant portion provides:

For rules implementing statutes enacted after July 23, 1995, an agency may not rely solely on the section of law stating a statute's intent or purpose, or on the enabling provisions of the statute establishing the agency, or on any combination of such provisions, for its statutory authority to adopt the rule. An agency may use the statement of intent or purpose or the agency enabling provisions to interpret ambiguities in a statute's other provisions.

RCW 34.05.322. By its plain language, RCW 34.05.322 applies specifically to "rules implementing statutes," namely legislative rules, not to interpretive rules.

Similarly, the analogous portions of the tax code apply only to legislative rules:

[T]he director may not adopt rules after July 23, 1995, that are based solely on a section of law stating a statute's intent or purpose, on the enabling provisions of the statute establishing the agency, or on any combination of such provisions, for statutory authority to adopt any rule.

RCW 82.01.060(2).

adopt interpretive rules, which do not have the force of law and which do not expressly inform the public that they are nonbinding and informational.[6] CP at 81. We disagree.

### A. RCW 82.32.300

RCW 82.32.300 provides, in part:

> The administration of this and chapters 82.04 through 82.27 RCW of this title is vested in the department of revenue which shall prescribe forms and rules of procedure for the determination of the taxable status of any person, for the making of returns and for the ascertainment, assessment and collection of taxes and penalties imposed thereunder.
>
> The department of revenue shall make and publish rules and regulations, not inconsistent therewith, necessary to enforce provisions of this chapter and chapters 82.02 through 82.23B and 82.27 RCW, . . . *which shall have the same force and effect as if specifically included therein,* unless declared invalid by the judgment of a court of record not appealed from.

RCW 82.32.300 (emphasis added).

■■ Whether the Department had authority to promulgate WAC 458-20-238, WAC 458-20-136, and WAC 458-20--13601 does not depend on whether RCW 82.32.300 authorized their adoption. Promulation of interpretive rules is within the inherent authority of a state agency, for which the agency need not have expressly delegated authority. *Tuerk v. Dep't of Licensing,* 123 Wn.2d 120, 125-26, 864 P.2d 1382 (1994).[7] And no law requires interpretive rules to state explicitly that they are interpretive.

---

[6] The trial court ruled, in part, as follows:

3. RCW 82.32.300 does not provide authority to adopt rules that are for nonbinding informational purposes that lack the force of law.

4. The Department of Revenue lacks authority to adopt rules that are for nonbinding informational purposes if the rules do not expressly inform the public of their nonbinding nature and purpose.

CP at 81.

[7] "Agencies also have implied authority to determine specific factors necessary to meet a legislatively mandated general standard. . . . Within other relevant statutory constraints, the power to enforce a regulation implies the concomitant

## B. "Rules"

█ The WACs at issue are "rules" because they are regulations of general applicability that "establish[ ] . . . any qualification or requirement relating to the enjoyment of benefits or privileges conferred by law." RCW 34.05.010-(16)(c).

RCW 34.05.010(16) defines a "rule" as "any agency order, directive, or regulation of general applicability":

> (a) the violation of which subjects a person to a penalty or administrative sanction; (b) which establishes, alters, or revokes any procedure, practice, or requirement relating to agency hearings; (c) which establishes, alters, or revokes any qualification or requirement relating to the enjoyment of benefits or privileges conferred by law; (d) which establishes, alters, or revokes any qualifications or standards for the issuance, suspension, or revocation of licenses to pursue any commercial activity, trade, or profession; or (e) which establishes, alters, or revokes any mandatory standards for any product or material which must be met before distribution or sale. The term includes the amendment or repeal of a prior rule, but does not include (i) statements concerning only the internal management of an agency and not affecting private rights or procedures available to the public, (ii) declaratory rulings issued pursuant to RCW 34.05.240, (iii) traffic restrictions for motor vehicles, bicyclists, and pedestrians established by the secretary of transportation or his designee where notice of such restrictions is given by official traffic control devices, or (iv) rules of institutions of higher education involving standards of admission, academic advancement, academic credit, graduation and the granting of degrees, employment relationships, or fiscal processes.

RCW 34.05.010(16). A regulation can be a "rule" even where, as here, there are no penalties or sanctions imposed for its violation. RCW 34.05.010(16).

WAC 458-20-238 explains RCW 82.08.0266 and 82.08-.02665 retail tax exemptions by (1) clarifying exemption

---

authority to interpret that regulation." *Tuerk*, 123 Wn.2d at 125-26 (citations omitted).

requirements and documents necessary to substantiate a claimed exemption and (2) discussing use-tax exemptions for nonresidents bringing watercraft into Washington for enjoyment and/or repair.

WAC 458-20-13601 explains RCW 82.08.02565 and 82-.12.02565 retail sales and use tax exemptions, including requirements for substantiating a claimed exemption. WAC 458-20-13601.

WAC 458-20-136 explains how business and occupation, retail sales, and use tax statutes[8] apply to manufacturers. It also identifies special tax classifications and rates that apply to certain manufacturing activities.

## C. Legal Effect

 AWB suggests that because the rules are interpretive, the public is not required to follow them. We disagree.

> [A]n interpretative rule can be eligible for publication as a rule that has "legal effect" even though the rule does not have "the force of law." A rule can have a variety of "legal effects." All interpretive rules have at least one important "legal effect." They provide potentially affected members of the public notice of the agency's interpretation of its statute or legislative rules. Thus, interpretive rules are eligible for publication in CFR [(Code of Federal Regulations) even though the authorizing statute authorizes publication of a rule in CFR only if the rule has general applicability and legal effect].

1 RICHARD J. PIERCE, JR., ADMINISTRATIVE LAW TREATISE § 6.4, at 345 (4th ed. 2002).

We note the Legislature's differentiation between interpretive rules and legislative rules. RCW 34.05.328(5)(c). This difference, however, does not nullify the legal impact of interpretative rules:

> [A] legislative rule has the same binding effect as a statute. It binds members of the public, the agency, and even the courts, in the sense that courts must uphold a legislative rule as long as it represents a valid exercise of agency authority. *By contrast,*

---

[8] Chapters 82.04, 82.08, and 82.12 RCW.

*interpretive rules are not binding on courts or on members of the public. . . . A court may choose to give binding effect to the position taken by an agency in an interpretive rule,* but it is the court that provides the binding effect of law through its process of statutory interpretation; *the agency's interpretive rule serves only the function of potentially persuading the court that the agency's interpretation is correct.*

1 RICHARD J. PIERCE, JR., ADMINISTRATIVE LAW TREATISE § 6.4, at 324-25 (4th ed. 2002) (emphasis added).

## D. Summary

■ The Department had inherent authority to adopt these three interpretive rules, and it was not required to label them "interpretive." Accordingly, we hold that the trial court erred in declaring WAC 458-20-238, WAC 458-20-136, and WAC 458-20-13601 invalid.

## III. REMEDY

AWB further argues (1) the Department wrongfully misled the taxpayers into believing that the interpretive rules were substantive, that the regulations were binding, and that the rules had the force of law; and (2) the trial court properly invalidated the rules because the Department misrepresented them as having the force of law. We disagree.

First, in its rule-making proposal, the Department expressly informed the public that WAC 458-20-136 and WAC 458-20-13601 were "interpretive" rules.[9] Second, all rules, whether interpretive or substantive, are

> "binding" on the regulated parties in the sense that they set, for the time, the legal minima of behavioral standards. . . . The relevance of the rules' comparative binding strengths is only to guide courts in deciding the standards of judicial review to apply to the rule. Interpretative regulations get less deference.

*Alcaraz v. Block*, 746 F.2d 593, 614 (9th Cir. 1984).

---

[9] "This rule is an interpretive rule as defined in RCW 34.05.328." Rule Making File for WAC 458-20-136 and WAC 458-20-13601 at 35.

Third, the record does not clearly support AWB's contention that the trial court invalidated the rules based on its conclusion that the Department had affirmatively misled the public. A plain reading of the judgment shows that the trial court invalidated the rules because it believed (1) the Department lacked authority to adopt interpretive rules under RCW 82.32.300; and (2) the Department lacked authority to adopt interpretive rules that do not expressly inform the public of their interpretive nature. CP at 81.

To the extent the trial court invalidated the rules based on its factual findings that the Department affirmatively represented to the public that its interpretive rules had the force of law, the trial court erred. As we noted earlier, a court may declare a rule invalid only if the rule (1) violates constitutional provisions, (2) exceeds statutory authority of the agency, (3) was adopted without compliance with statutory rule-making procedures, or (4) is arbitrary and capricious. RCW 34.05.570(2)(c). The trial court had no authority to invalidate the rules based on alleged Departmental misrepresentations.

It is not our role to decide the appropriate remedy for the Department's misrepresentations, if any. Rather, it is our role to decide whether the trial court's invalidation of the rules was correct. To the extent that the trial court invalidated the rules based on its finding that the Department misrepresented the force and effect of the three interpretative rules at issue here, such invalidation was error.[10]

Reversed.

QUINN-BRINTNALL, C.J., and HOUGHTON, J., concur.

Review granted at 153 Wn.2d 1008 (2005).

---

[10] Our limited holding does not preclude the possibility of a successful future challenge where, for example, the record shows that the Department treated the rules as "substantive" rather than "interpretive," imposing fines for failure to follow the rules. The record before us, however, does not present such a case.

AWB also argues that the Department intends to treat these rules as substantive rules by imposing fines for violations. The record before us, however, does not present such a case and we limit our holding accordingly.